MARIA GAJEWSKI ET AL. *v.* ARTHUR PAVELO ET AL.
(15203)

Peters, C. J., and Callahan, Borden, Katz and Palmer, Js.

Argued January 18—decision released February 6, 1996

*Rosalind J. Koskoff,* with whom were *Michael Koskoff* and, on the brief, *Joan C. Harrington* and *Richard A. Fuchs,* for the appellants (plaintiffs).

*James E. Coyne,* with whom, on the brief, was *Colleen D. Fries,* for the appellee (defendant Utica Radiator Corporation).

PER CURIAM. Under General Statutes § 52-572q,[1] a provision of the Connecticut Product Liability Act, a

---

[1] General Statutes § 52-572q provides: "Liability of product seller due to lack of adequate warnings or instructions. (a) A product seller may be subject to liability for harm caused to a claimant who proves by a fair preponderance of the evidence that the product was defective in that adequate warnings or instructions were not provided.

"(b) In determining whether instructions or warnings were required and, if required, whether they were adequate, the trier of fact may consider: (1) The likelihood that the product would cause the harm suffered by the claimant; (2) the ability of the product seller to anticipate at the time of manufacture that the expected product user would be aware of the product risk, and the nature of the potential harm; and (3) the technological feasibility and cost of warnings and instructions.

"(c) In claims based on this section, the claimant shall prove by a fair preponderance of the evidence that if adequate warnings or instructions

product may be defective solely because a manufacturer or seller has failed to provide adequate warnings or instructions to a claimant who has suffered harm because of the absence of such warnings or instructions. In this certified appeal, the only issue is whether the Appellate Court properly concluded that the trial court did not commit reversible error in its jury instructions on the scope of the statutory duty to warn.

The plaintiffs, Maria Gajewski, Jan Gajewski and Janusz Gajewski, filed a multicount complaint against a number of defendants, including Utica Radiator Corporation (Utica), to recover for personal injuries suffered by the plaintiffs as a result of carbon monoxide poisoning. The jury returned a verdict resolving all claims in favor of the defendants. The trial court denied the plaintiffs' motion to set aside the verdict and rendered judgment for the defendants. On appeal, the Appellate Court first concluded that the judgment should be affirmed in accordance with the general verdict rule. *Gajewski* v. *Pavelo*, 32 Conn. App. 373, 375, 629 A.2d 465 (1993). After reversal by this court; *Gajewski* v. *Pavelo*, 229 Conn. 829, 643 A.2d 1276 (1994); the Appellate Court considered the underlying merits of the plaintiffs' appeal, and again affirmed the judgment of the trial court. *Gajewski* v. *Pavelo*, 36 Conn. App. 601, 652 A.2d 509 (1994). We granted the plaintiffs' petition for certification with respect to the propriety of the trial court's instructions on the statutory duty to warn established by § 52-572q.[2]

had been provided, the claimant would not have suffered the harm.

"(d) A product seller may not be considered to have provided adequate warnings or instructions unless they were devised to communicate with the person best able to take or recommend precautions against the potential harm."

[2] We granted the plaintiffs' petition for certification, limited to the following issue: "Was the Appellate Court correct in concluding that the trial court properly instructed the jury on the duty to warn under General Statutes § 52-572q?" *Gajewski* v. *Pavelo*, 232 Conn. 915, 654 A.2d 355 (1995).

As the Appellate Court noted, the jury reasonably could have found that the injuries suffered by the plaintiffs were caused by poisonous gases resulting from a buildup of soot in a chimney flue in their home. This buildup of soot prevented their furnace from venting properly. The furnace had recently been equipped with a new gas fired boiler manufactured by Utica. The gas boiler was installed by a licensed plumber who, as part of the installation process, cleaned the chimney sufficiently to render the furnace operational. At that time, the plumber warned the plaintiffs of the necessity of having the chimney cleaned thoroughly. Utica itself, however, did not warn the plaintiffs directly of this necessity. Id., 606. In instructing the jury with respect to Utica's liability in these circumstances, the trial court informed the jury that, if it found that Utica had a duty to warn the plaintiffs, it could consider the plumber's professional knowledge and skills in its assessment of whether Utica had effectively discharged its duty. Id., 617.

The plaintiffs maintain that the trial court's jury instructions with respect to Utica's duty to warn them were: (1) improper as a matter of law under § 52-572q, and (2) internally inconsistent and inherently confusing. They argue that the Appellate Court misunderstood or overlooked their claims and therefore improperly upheld the judgment against them. We are unpersuaded.

After examining the record on appeal, and after considering the briefs and arguments of the parties, we conclude that the judgment of the Appellate Court should be affirmed. The issue on which we granted certification was properly resolved in the thoughtful and comprehensive opinion of the Appellate Court. It would serve no useful purpose for us to repeat the discussion therein contained. Cf. *Sharp* v. *Wyatt, Inc.*, 230 Conn. 12, 16, 644 A.2d 871 (1994); *Whisper Wind Development Corp.* v. *Planning & Zoning Commis-*

*sion,* 229 Conn. 176, 177, 640 A.2d 100 (1994); *Board of Education* v. *State Board of Education,* 228 Conn. 433, 436, 636 A.2d 378 (1994).

The judgment is affirmed.