[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision Re: Motion to Strike (#109)
By writ, summons and complaint bearing a return date of November 18, 1997, the plaintiff, Barbara Parziale, commenced an action against the defendant, Francis Salvatore d/b/a The Notch Store Cider Mill. In her complaint, the plaintiff alleges that on or about October 3, 1996, she purchased from the said defendant, Francis Salvatore d/b/a The Notch Store Cider Mill, a quart of apple cider tainted with E-coli bacteria and that after the purchase of the apple cider, the Plaintiff consumed the tainted apple cider resulting in serious injuries to the plaintiff. The complaint also alleges that the condition that the cider was in at the time it was manufactured and sold by the Defendants was not altered or modified in any way by the Plaintiff or any third party.
On November 20, 1997, the said defendant, Francis Salvatore, filed a three count, third party complaint seeking to implead "Yonder Farms" as a third party defendant. The basis of the third party claim by Salvatore against Yonder Farms is the claim that the apples used by the defendant, Francis Salvatore d/b/a The Notch Store Cider Mill, to make the apple cider that was purchased and consumed by the plaintiff, Parziale, were purchased by Salvatore from Yonder Farms. Salvatore further claims that if the apple cider consumed by the plaintiff, Parziale, was in any way tainted with E-coli bacteria, said contamination was caused by the third party defendant, Yonder Farms.
Salvatore's three count, third party complaint sounds first CT Page 1869 in negligence, second in breach of the warranty of merchantability and, third, in breach of the warranty of fitness for a particular purpose.
On February 17, 1998, Barbara Parziale requested leave to amend her complaint in order to include a second count, sounding in violation of the Connecticut Products Liability Act, against Yonder Farms. No objection was filed in response to said Request for Leave to Amend.
On April 29, 1998, Yonder Farms filed a Motion To Strike the first, second and third counts of the Third Party Complaint (Motion #109). Francis Salvatore has not filed an objection to Yonder Farms' Motion to Strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions . . ." Id., 588. "In [considering] a motion to strike . . . [courts] must construe the facts alleged in the complaint in a light most favorable to the pleader." RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384, 650 A.2d 153 (1994). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992).
In the 3rd Paragraph of Count One of the Third Party Complaint, Francis Salvatore argues that "(Barbara Parziale's) complaint in the original action alleges that the defendant, Salvatore, is liable under the Connecticut Products Liability Act . . . in that the cider (Parziale purchased from Salvatore) was in a "defective and reasonably dangerous condition". In the 4th Paragraph thereof, Salvatore further argues that "[t]he apples used to make such apple cider . . . were purchased by the defendant/third-party plaintiff, Salvatore . . . from the third-party defendant, Yonder Farms". In the 5th Paragraph Salvatore argues that "[i]f the apple cider consumed by the plaintiff was . . . tainted with E-coli bacteria . . . said contamination was caused by the negligence of . . . Yonder Farms." CT Page 1870
In its Memorandum of Law in Support of its Motion to Strike, Yonder Farms argues that "[b]ecause the third party plaintiff (Salvatore) . . . and the third party defendant (Yonder Farms) . . . are direct defendants in this action, the comparative responsibility provisions of the Connecticut Product Liability Act . . . prevent the application of the doctrine of common law indemnification in this action." Therefore, asserts Yonder Farms, "the First Count of the Third Party Complaint should be stricken."
The Connecticut Supreme Court has held that ". . . the common law doctrine of indemnification is inconsistent with provisions of the product liability act concerning comparative responsibility, award of damages, and contribution under General Statutes § 52-572o." Kyrtatas v. Stop Shop, Inc.,205 Conn. 694, 699, 535 A.2d 357 (1988). In the Kyrtatas case, supra,205 Conn. 694, "[t]he plaintiffs brought suit under [the Connecticut] product liability act . . . and alleged two basic theories of liability . . . (1) that the [product] was defective and unreasonably dangerous . . . and (2) that the defendants had breached an implied warranty that the [product] was . . . fit for its ordinary purpose." (Internal quotation marks omitted.) Id., 696. In Kyrtatas, the court concluded that "[w]e hold that the product liability act has abrogated common law indemnification . . ." Id., 702. (See also Robillard v. AsahiChemical Industry, Co., 44 Conn. Sup. 510, 526, 695 A.2d 1087
(1995) ("[t]he product liability act has its own apportionment mechanism."). "[In] Kyrtatas v. Stop Shop, Inc., [supra,205 Conn. 694] . . . we . . . noted that its holding applied only to situations in which all potential defendants are parties to the suit." (Citations omitted.) Beaudoin v. Town Oil Co.,207 Conn. 575, 583 n 4, 542 A.2d 1124 (1988).
Because Yonder Farms was made a party to the original cause of action when Barbara Parziale was granted leave to amend her complaint in order to include a second count against Yonder Farms, all potential defendants are parties to the suit here. It is clear that the first count of Francis Salvatore's third party complaint sounds in common law indemnification. Accordingly, Yonder Farms' Motion to Strike the first count of Francis Salvatore's third party complaint is granted based upon the fact that a claim for common law indemnification cannot be made under circumstances where the original complaint sounds in a violation of the Connecticut Product Liability Act. CT Page 1871
In the 4th Paragraph of the Second Count of the Third Party Complaint, Salvatore argues that "said contamination [of the product] was caused by . . . Yonder Farms, in that said apples were not of merchantable quality and or fit for the ordinary purpose for which said apples would he used." Salvatore argues further in that paragraph that "Yonder Farms . . . breached an implied warranty of fitness for a particular purpose in that the third party defendant at the time of contracting had reason to know that said apples were to be used in the manufacture of apple cider . . ."
Yonder Farms has moved to strike the second and third counts of Salvatore's third party complaint on the ground that "[a] statutory products action is the plaintiff's exclusive remedy against a `product seller' for personal injury caused by the product."
Our courts have addressed the issue of whether a complaint may contain allegations of breach of warranty where the cause of action arises from injuries caused by a defective product. "Connecticut's present statutory scheme, General Statutes § 52-572m et seq., was intended to merge the various common law theories of product liability into one cause of action."Gajewski v. Pavelo, 36 Conn. App. 601, 611, 652 A.2d 509 (1994), affirmed on other grounds, 236 Conn. 27, 670 A.2d 318 (1996). InGajewski the court specifically listed the "merged" common law theories as "breach of warranty, strict liability, and negligence." Id., 611 n. 1 1.
Furthermore, the Supreme Court has stated that "[i]n reference to [the Connecticut Products Liability Statute], the term . . . `shall' refers to a mandatory requirement. . . It seems clear then that the plaintiffs must select the statutory remedy, as it was intended by the legislature to be exclusive."Daily v. New Britain Machine Co., 200 Conn. 562, 572,512 A.2d 893 (1986). "The intent of the legislature was to eliminate the complex pleading provided at common law: breach of warranty, strict liability and negligence. . . . [T]he act was intended to merge various theories into one cause of action . . ." (Citations omitted; internal quotation marks omitted.) Lynn v. HaybusterMfg. Inc., 226 Conn. 282, 292, 627 A.2d 1288 (1993).
Connecticut's trial courts have also addressed the issue of whether a breach of warranty claim is a cause of action where the CT Page 1872 damages stem from a defective product. In Jordan v. Yankee GasService Co., Judicial District of Fairfield at Bridgeport, Docket No. 047614 (June 26, 1997), Judge Skolnick held "The court grants the [third party defendant's] motion to strike the breach of warranty claim on the ground that it is barred by the exclusivity provisions of Connecticut's Product Liability Act. Connecticut General Statutes § 52-572n (a) provides: "A product liability claim . . . shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product." (See also Niewinski v.Hill, Judicial District of Litchfield, Docket No. 074906 (January 15, 1998 Pickett, J.).
The second and third counts of Francis Salvatore's third party complaint sound in breach of the warranty of merchantability and breach of fitness for a particular purpose in regards to a defective product. Accordingly, Yonder Farms' motion to strike the second and third counts of the third party complaint is also granted.
Carroll, J.