[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action was commenced by the plaintiff to recover damages for injuries she allegedly received on April 25, 1996, while working as a waitress at a restaurant. Count one of the original complaint alleged product liability, while count two alleged negligence. On January 12, 1998, the court, Blue, J., granted the CT Page 10674 defendant's motion to strike the second count of the original complaint.[1]
The plaintiff filed an amended complaint dated January 16, 1998, in which she claims she was injured when she was struck in the head by the door of an ice machine. Plaintiff's amended complaint also contains two counts, which are virtually identical to the counts set forth in the original complaint. Count one alleges a product liability claim against the defendants Jason Soda Systems, Inc. ("Jason Soda") and Kold Draft, Inc. and/or Kold Draft Refrigeration, Inc. ("Kold Draft"), for injuries caused by "the dangerous and defective door assembly [of the ice machine]." Count two, entitled "Alternate Count in Negligence" alleges negligence on the part of the defendant, Jason Soda, for the installation and assembly of the door.[2]
On January 28, 1998, defendant Jason Soda again moved to strike the second count, of the amended complaint on the ground that the product liability statute, General Statutes § 52-572n, is the exclusive remedy for actions falling within its scope. The plaintiff objects to the motion to strike, arguing that the second count is based upon negligence "associated with service of the product" by the defendant, and that such a claim is properly outside the products liability claim or the first count.
Both parties have submitted memoranda of law in support of their respective positions.
The motion to strike is used to test the legal sufficiency of any pleading. Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985); Practice Book §§ 10-39. "The role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Alterations in original; internal quotation marks omitted; citation omitted.) Dodd v. MiddlesexMutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Waters v. Autouri,236 Conn. 820, 826, 676 A.2d 357 (1996).
A products liability claim "includes all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product. . . . [It] shall CT Page 10675 include, but is not limited to, all actions based on the following theories: Strict liability in tort; negligence; breach of warranty. . . ." General Statutes § 52-572m(b).
Connecticut's product liability statute provides an exclusive remedy for injuries sustained from a defective product. General Statutes § 52-572 et seq. Section 52-572n(a) provides that "[a] product liability claim . . . may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product."
The legislature, in creating this statute, intended to merge the various common law claims into one product liability cause of action, and intended that this would serve as the exclusive remedy for those persons injured by a defective product. Lynn v.Haybuster Mfg., Inc., 226 Conn. 282, 292, 627 A.2d 1288 (1993); see also Gajewski v. Pavelo, 36 Conn. App. 601, 611, 652 A.2d 509
(1994), aff'd, 236 Conn. 27, 670 A.2d 318 (1996); Winslow v.Lewis-Sheperd, Inc., 212 Conn. 462, 469-71, 562 A.2d 517 (1989). "The legislature clearly intended to make our products liability act an exclusive remedy for claims failing within its scope." Id., 471.
The Connecticut Supreme Court further held that "[i]f the legislature intended to allow a party to plead common law theories, it would not have used the mandatory language `shall be in lieu of.' In construing a statute, the intent of the legislature is to be found not in what it meant to say, but in what it did say. . . . It seems clear then that the plaintiffs must select the statutory remedy, as it was intended by the legislature to be exclusive." (Citations omitted.) Daily v. NewBritain Machine Co., 200 Conn. 562, 571-72, 512 A.2d 893 (1986).
"An action alleging harm from a product due to negligence may not be pleaded as a separate common law claim but may only be asserted as part of Connecticut's product liability scheme."McKernan v. United Technologies Corp. , 717 F. Sup. 60, 65 (D. Conn. 1989). The Connecticut Supreme Court further held that when the complaint alleges statutory liability, "[b]y choice, the plaintiffs limited their complaint to statutory claims."Daily v. New Britain Machine Co., supra, 200 Conn. 571. "What the [Act] prevents is the inclusion of a separate common law claim alleging conduct which is covered by the act." American NationalFire Ins. Co. v. A. Secondi Sons, 832 F. Sup. 4O, 42 (D. Conn. CT Page 10676 1993).
Upon review of the Amended Complaint, the plaintiff alleges only violations of statutory enactments. In paragraph 5 of the first count, plaintiff alleges that "[t]he defendants are liable and legally responsible to the plaintiff for her injuries caused by the dangerous and defective door assembly, pursuant toConnecticut General Statutes Section 52-572m, et seq." (Emphasis added.) In the second count, plaintiff alleges that the defendant "did install said ice machine . . . in a faulty and negligent manner. . . ." (Emphasis added.)
Whether a defendant is a "product seller" is a matter of law to be determined by the court. Burkert v. Petrol Plus ofNaugatuck, Inc., 216 Conn. 65, 72, 579 A.2d 26 (1990); see alsoFerguson v. EBI Medical Systems, Superior Court, judicial district of New London, Docket No. 527663 (August 1, 1995) (15 Conn. L. Rptr. 94).
"A `product seller'. . . is defined in General Statutes § 52-572m(a) as `any person or entity, including a manufacturer, wholesaler, distributor or retailer who is engaged in the business ofselling such products whether the sale is for resale or for use or consumption." (Emphasis in original.) Paul v.McPhee Electrical Contractors, 46 Conn. App. 18, 23, 698 A.2d 354
(1997). If the defendant is found to be a "product seller," the plaintiff's exclusive remedy is products liability. If, on the other hand, the defendant is found not to be a "product seller," the plaintiff may raise claims stemming from the common law. Count one alleges that the defendant is "engaged in the manufacturing, assembly, sale, leasing and/or distribution of [the ice machine]." As such, the defendant is a "product seller" and the product liability act provides the exclusive remedy for this action.
"[T]he court holds that claims addressed to negligent repairs and service performed after the product was placed in the stream of commerce are not covered — and hence not barred — by the [act]." American National Fire Ins. Co. v. A. Secondini Sons, 832 F. Sup. 42. The District Court has found no cases "in which a Connecticut court has expressly held that a common law claim based on repairs or service conducted after and apart from the sale and installation of a product were barred by the CPLA. . . . [R]epairs . . . subsequent to the sale were not covered by the CPLA." (Emphasis in original; citations omitted.) CT Page 10677American National Fire Ins. Co. v. A. Secondi Sons, supra,832 F. Sup. 42.
The plaintiff, in paragraph 5 of count two of the amended complaint alleges that the negligence occurred upon installationand assembly of the door of the ice machine. (Emphasis added.) Accordingly, the alleged negligence falls within the scope of the product liability statute and common law negligence is barred by the exclusive remedy set forth in the statute.
On January 12, 1998, the court, Blue, J., granted the defendant's motion to strike and ordered the plaintiff to strike the second count of her original complaint. Instead, the plaintiff filed an amended complaint and indicated that the second count is now an "Alternate Count in Negligence."
"While alternative and inconsistent pleading is permitted [pursuant to Practice Book § 137, now Practice Book (1998 Rev.) § 10-25], there is a limitation of good faith upon its use. Case law suggests that alternative pleading is justified only when the pleader does not know all the facts necessary to make an election." DeVita v. Esposito, 13 Conn. App. 101, 105,535 A.2d 364 (1987), cert. denied, 207 Conn. 807, 540 A.2d 375
(1988). It seems, in this case however, that the plaintiff does know all necessary facts to make an election, she simply neglects to do so.
As discussed above, the exclusive remedy for the cause of action alleged by the plaintiff is by way of the product liability statute. The plaintiff is not entitled to plead an alternate cause of action sounding in common law negligence.
Since the product liability statute provides an exclusive remedy for plaintiff's cause of action, plaintiff cannot present an alternate count stemming from common law, negligence. Therefore, the defendant's motion to strike count two of the plaintiff's amended complaint is granted.
Howard F. Zoarski Judge Trial Referee