JOHN I. HAYMOND *v.* STATEWIDE GRIEVANCE
COMMITTEE
(SC 16002)

Callahan, C. J., Borden, Palmer, McDonald and Peters, Js.

Argued December 2, 1998—officially released January 5, 1999

*Kimberly A. Knox*, with whom were *Wesley W. Horton* and, on the brief, *John A. Reed, Kevin B. Hawkins*, legal intern, and *Daniel J. Krisch*, legal intern, for the appellant (plaintiff).

*Cathy A. Dowd*, assistant bar counsel, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, John I. Haymond, an attorney, appeals from the judgment of the trial court dismissing his appeal from a reprimand issued to him by the defendant, the statewide grievance committee. See *Haymond* v. *Statewide Grievance Committee*, 45 Conn. Sup. 481, 723 A.2d 821 (1998). The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we granted the plaintiff's motion to transfer the appeal to this court pursuant to Practice Book § 65-2 and General Statutes § 51-199 (c). We affirm the judgment of the trial court.

The facts giving rise to this appeal are set forth in detail in the trial court's opinion; *Haymond* v. *Statewide Grievance Committee*, supra, 45 Conn. Sup. 481; and may be summarized as follows. In 1994 and 1995, the plaintiff placed advertisements for his law firm, the Law Offices of John Haymond, in the Springfield, Massachusetts NYNEX Yellow Pages Telephone Directory. A picture of the plaintiff appeared in both advertisements. The text of the 1994 advertisements included a reference to "12 personal injury attorneys." The text of the 1995 advertisements stated: "We are a team of fourteen lawyers with nearly 200 years combined experience," and "Licensed in Massachusetts and Connecticut."

During the same period, the plaintiff also placed television advertisements that featured the plaintiff and contained the following statements: "At the law offices of John Haymond, we protect the rights of accident

victims and their loved ones"; "For accident claims call the Law Office of John Haymond"; "I'm Attorney John Haymond. . . ."; "The Law Offices of John Haymond works for you and keeps on working"; and "I'm John Haymond and that's my promise." The television advertisements were broadcast on WGGB, a station located in Springfield, Massachusetts.

The plaintiff is a member of the bar of the states of Connecticut and Pennsylvania, but he is not a member of the Massachusetts bar. At the time he placed the advertisements, only four attorneys in his firm were admitted to the Massachusetts bar. The plaintiff's professional and support staff worked in offices located in Hartford and Bridgeport. A Springfield, Massachusetts, office was used for meetings with clients as needed.

On March 29, 1995, Alan Goodman, a Massachusetts attorney, filed a complaint with the defendant regarding the plaintiff's advertising. After a hearing, the defendant concluded that the plaintiff had used false and misleading telephone directory advertisements and television commercials in violation of rules 7.1 (1) and 8.4 (3)[1] of the Rules of Professional Conduct. Consequently, on February 21, 1997, the defendant issued a reprimand to the plaintiff.

---

[1] The trial court's opinion referred to rules 7.1 (a) and 8.4 (c) of the Rules of Professional Conduct. The 1998 revision of the Practice Book, however, delineates subsections of the Rules of Professional Conduct by number, rather than by letter.

Rule 7.1 of the Rules of Professional Conduct provides in relevant part: "A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services. A communication is false or misleading if it:

"(1) Contains a material misrepresentation of fact or law, or omits a fact necessary to make the statement considered as a whole not materially misleading . . . ."

Rule 8.4 of the Rules of Professional Conduct provides in relevant part: "It is professional misconduct for a lawyer to . . .

"(3) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation . . . ."

Thereafter, the plaintiff appealed from the defendant's reprimand to the Superior Court pursuant to Practice Book § 2-38, formerly § 27N. On appeal, the plaintiff challenged both the defendant's jurisdiction over out-of-state advertising and the defendant's application of Connecticut law, rather than Massachusetts law, to the advertisements he had placed. The trial court dismissed the plaintiff's appeal.

After considering the briefs and arguments of the parties and examining the record on appeal, we conclude that the judgment of the trial court is correct and must be affirmed. The issues presented were resolved properly in the trial court's opinion. It would serve no useful purpose for this court to repeat the discussion contained therein. See *Brennan* v. *Burger King Corp.*, 244 Conn. 204, 206, 707 A.2d 30 (1998); *Lizotte* v. *Welker*, 244 Conn. 156, 158, 709 A.2d 1 (1998); *Murphy* v. *Buonato*, 241 Conn. 319, 321–22, 696 A.2d 320 (1997); *Gajewski* v. *Pavelo*, 236 Conn. 27, 30, 670 A.2d 318 (1996).

The judgment is affirmed.