735 A.2d 1170 (1999)
324 N.J. Super. 419
FILENET CORPORATION, a Delaware corporation, Plaintiff-Appellant,
v.
CHUBB CORPORATION, d/b/a Chubb Group of Insurance Companies, an unknown entity; Vigilant Insurance Company, a New York corporation; Federal Insurance Company, a New Jersey corporation, Pacific Indemnity Company, a California corporation, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Argued May 18, 1999.
Decided July 9, 1999.
Daniel J. Callahan, admitted pro hac vice, for plaintiff-appellant (Callahan & Blaine and Saul, Ewing, Remick & Saul, attorneys; Mr. Callahan, on the brief).
Robert M. Vinci, Morristown, for defendant-respondent The Chubb Corporation (Shanley & Fisher, attorneys; Thomas F. Campion and Mr. Vinci, on the brief).
Marilyn S. Silvia, Princeton, for defendant-respondents Vigilant Insurance Company, Federal Insurance Company, and Pacific Indemnity Company (Hill Wallack, attorneys; Ms. Silvia, on the brief).
Before Judges BROCHIN, KLEINER and STEINBERG.
PER CURIAM.
This is an insurance coverage suit. FileNet Corporation designs, manufactures, installs and sells computer software. Wang Laboratories, Inc., a competitor, is suing it for patent infringement in the United States District Court for the District of Massachusetts. FileNet called upon its liability insurers, Vigilant Insurance Company, Federal Insurance Company, and Pacific Indemnity Company, and *1171 upon their parent corporation, The Chubb Corporation, to defend and indemnify it against Wang's demands. The insurers denied coverage. FileNet sued the insurers, claiming breach of their contracts of insurance and breach of the implied covenant of good faith and fair dealing.
Defendants moved for summary judgment dismissing the complaint and FileNet cross-moved for summary judgment. Chubb moved for summary judgment on the ground that it has not issued any contracts of insurance to plaintiff. The other defendants moved on the ground that Wang has not asserted any claims within the coverages afforded by their policies. The Honorable Helen E. Hoens, J.S.C., granted defendants' motions. She also denied FileNet's motions for summary judgment and to amend its complaint to add another affiliated company, Chubb and Sons, Inc. Judge Hoens explained her rulings in three comprehensive, well-reasoned written opinions.
FileNet has appealed. The substance of its argument against the summary judgment in favor of Chubb is that "Chubb Corporation's dominance over Federal, Vigilant, and Pacific mandates the piercing of the corporate veil to prevent injustice," and "Chubb & Son has abused the privilege of incorporation by using its affiliate insurers to perpetrate an injustice." The substance of FileNet's argument against the summary judgment in favor of the other defendants is that a "potential for coverage exists for Wang's allegations against FileNet pursuant to the advertising injury provisions of Chubb's commercial general liability and umbrella policies." The many other points listed in FileNet's argument headings are boiler plate legal propositions which are either undisputed or immaterial.
The basis for FileNet's claims against its insurers is the policy language providing coverage for advertising liability. This language varies somewhat among the several policies at issue here. But the differences are immaterial. Of the policy language relied upon by FileNet, the most comprehensive is that which insures against "liability ... imposed on the insured by law ... arising out of advertising injury" and defines "advertising injury" as injury resulting from, insofar as relevant here, "unfair competition or piracy" arising in the course of advertising activities.
The fundamental flaw in FileNet's case, which Judge Hoens accurately perceived and convincingly analyzed, is that there is no evidence whatsoever in any of the twenty-four volumes of the appendix which FileNet supplied to us that Wang, either in its complaint or in any other litigation record, has claimed injury from "piracy" or "unfair competition" arising in the course of advertising activities within any accepted meaning of those terms.
Wang's general counsel, who is primarily responsible for the conduct of his company's litigation against FileNet, was questioned by FileNet's attorney in an oral deposition. The Wang counsel persistently and categorically denied that Wang was asserting any causes of action other than causes of action based on statutory patent infringement.
FileNet's brief asserts that "Wang specifically identified FileNet's press releases, brochures, catalogs, and manuals as evidence that support its claims that FileNet passed off its products as Wang's patented inventions and induced third parties to infringe Wang's patents." That allegation is misleading. The materials cited as support for the statement consist of voluminous documents which Wang apparently collected from FileNet during discovery. The deposition of Wang's general counsel indicates that Wang intends to rely in part on some of those documents to prove its infringement claims, but only because, in Wang's view, the descriptions in these documents of the products and of their functioning are evidence that FileNet's products have features that conflict with Wang's patent claims.
FileNet's brief also states, "As the Wang Action progressed, Wang alleged *1172 that FileNet's products infringe the six Wang patents by mimicking the claims of Wang's patents." This assertion references a certification of an attorney who is a member of the law firm representing FileNet in the Wang action. The certification contains the statement attributed to him, but the certification does not cite any evidence which supports the assertion.
FileNet argues that Wang's cause of action implies that FileNet, by advertising its products, induced its customers to buy and use those products and, thus, according to Wang, FileNet used advertising to induce others to infringe Wang's patents. However, even if we assume that Wang's complaint implicitly makes that allegation, FileNet would still not be entitled to indemnification and a defense under the terms of the policies which are the subject of this suit. First of all, we agree with Judge Hoens that "unfair competition" and "piracy" as used in the insurance policies which are the subject of this suit do not encompass the statutory offense of patent infringement. Secondly, we reiterate that the claim which Wang has alleged against FileNet is a claim for patent infringement, i.e., that FileNet has manufactured, sold and used products protected by Wang patents. In other words, Wang contends FileNet is a direct infringer. There is no indication in the record submitted to us that Wang asserts FileNet has sold non-infringing products and induced its customers to use them in a manner or in a combination that infringes. Cf. Sigma-Tau Industrie Farmaceutiche Riunite v. Lonza, Ltd., 36 F.Supp.2d 26, 30 (D.D.C. 1999); Fina Research v. Baroid Ltd., 141 F.3d 1479, 1481-82 (Fed.Cir.1998); United States Fidelity & Guar. Co. v. Star Techs., Inc., 935 F.Supp. 1110, 1115-16 (D.Or. 1996). For a direct infringer merely to advertise the availability of an infringing product does not itself make the advertiser liable for inducing infringement; the advertising is merely ancillary to the sale. United States Fidelity & Guar. Co. v. Star Techs., Inc., supra, 935 F.Supp. at 1115; Jervis B. Webb Co. v. Southern Sys. Inc., 495 F.Supp. 145, 147 (E.D.Mich.1980); Aetna Cas. & Sur. Co. v. Superior Court, 19 Cal.App.4th 320, 23 Cal.Rptr.2d 442, 446-47 (1994). Cf. Self v. Fisher Controls Co., 566 F.2d 62, 64 (9th Cir.1977) ("Contributory infringement actions are limited to situations where defendant itself has not directly infringed the patent by making, using, or selling the invention, under 35 U.S.C. § 271(a), but has induced someone else to infringe the patent."). Consequently, even if Wang alleged that FileNet's advertising induced others to purchase and use FileNet's infringing products, and even if "piracy" or "unfair competition" included patent infringement, nonetheless, even on those hypotheses, Wang's claim would not be a claim that FileNet was subject to a liability "imposed on the insured by law ... arising out of advertising injury." (Emphasis added.)[1]
Our affirmance of the summary judgment in favor of the insurers moots any issue raised by FileNet's appeal from the summary judgment in favor of Chubb. Furthermore, no persuasive reason has been advanced why we should not recognize Chubb as an entity separate from its subsidiary insurers. There is not even a suggestion that the individual insurers would not have been fully able to satisfy any damage award for which they might have been liable if FileNet had prevailed on its damage claim.
We therefore affirm substantially for the reasons stated by Judge Hoens in her letter opinions dated April 3 and May 20, 1996, and December 19, 1997.
NOTES
[1] If Wang should assert a claim hereafter that FileNet's advertising has induced customers to use or combine non-infringing products in a way that causes them to infringe, FileNet might have a better claim against its insurers. We do not decide that issue because FileNet has not shown us that Wang has made such a claim.