**LUMBERMENS MUTUAL CASUALTY CO., Plaintiff–Appellee,**

v.

**DILLON COMPANY, INC., Defendant–Appellant.**

No. 00–9299.

United States Court of Appeals, Second Circuit.

May 25, 2001.

Peter K. Somer, Phillips, Lytle, Hitchcock, Blaine & Huber, Buffalo, NY; A. Rober Baker, Baker, O'Sullivan & Bliss PC, Weathersfield, CT, of counsel, for appellant.

Albert C. Hilber, Tressler, Soderstrom, Maloney & Priess, Newark, NJ, for appellee.

Present OAKES, GRAAFEILAND, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the District of Connecticut (Ellen Bree Burns, *Judge*), it is hereby

ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Appeal from a judgment of the United States District Court for the District of Connecticut (Ellen Bree Burns, *Judge*) granting plaintiff-appellee's motion for summary judgment and denying defendant-appellant's partial motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56, on the ground that, under Connecticut law, appellee insurance company had no duty to defend a patent infringement action brought against its insured, appellant, under a clause of their insurance contract covering "infringement of title" actions. *Lumbermens Mut. Cas. Co. v. Dillon, Co.*, No. 3:98–CV–2013, 2000 WL 1336498 (D.Conn. Aug.31, 2000).

■ We agree with the district court's determination that Connecticut law provides the rules of decision for this case—albeit for reasons different than those upon which the district court relied. As the district court correctly noted, under *Klaxon Co. v. Stentor Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), Connecticut's choice of law rules must be applied in this diversity case. The threshold choice of law question in Connecticut, as it is elsewhere, is whether there is an outcome determinative conflict between the applicable laws of the states with a potential interest in the case. If not, there is no need to perform a choice of law analysis, and the law common to the jurisdictions should be applied. *See Haymond v. Statewide Grievance Comm.*, 45 Conn. Supp. 481, 488–89, 723 A.2d 821, 826 (Conn.Super.Ct.1997), *aff'd*, 247 Conn. 436, 723 A.2d 808 (1998) ("Under modern conflicts-of-law theory, where there is a 'false conflict' such that the laws of both states relevant to the set of facts are the same, or would produce the same decision in the lawsuit, there is no real conflict between them. In such a case, the case ought to be decided under the law that is common to both states. It is only after a determination is made that there is indeed an actual conflict between the laws of the particular jurisdictions that the interests of the respective jurisdictions are analyzed.") (internal citations and quotation marks omitted); *see also O'Connor v. O'Connor*, 201 Conn. 632, 65–57 n. 18, 519 A.2d 13, 25 n. 18 (1986).

It is undisputed that there are two states with potential interests in this case: (1) Connecticut, the state in which (a) both this declaratory judgment action and the underlying patent infringement action were brought, and (b) the plaintiff in the underlying action has its principal place of business and is organized; and (2) Rhode Island, the state in which appellant is incorporated and headquartered.

With respect to the central question in this case of whether a patent infringement suit triggers an insurer's duty to defend under the "infringement of title" clause of its general liability coverage policy, the Appellate Court of Connecticut has held that, under Connecticut law, a duty to defend does not arise in such circumstances. *See Julian v. Liberty Mut. Ins. Co.*, 43 Conn.App. 281, 284–89, 682 A.2d 611, 613–15 (1996).

■ In contrast, Rhode Island law is silent on the disputed issue. Reasoning that it "would not be inclined to read a states' [sic] silence on an issue to be in conflict with a state that has affirmatively addressed that question," the district court concluded that "Rhode Island law . . . does not conflict with Connecticut law on the disputed issue." *Lumbermens*, 2000 WL 1336498, at *4 n. 5. We disagree. As noted, the threshold question is whether the applicable law of two or more states would require a different outcome. Therefore, without knowing the content of Rhode Island's law on the disputed issue, it is impossible to say that Rhode Island law would require an outcome on that issue that was the same or different than the outcome required by Connecticut law. Hence, in order to answer the threshold question we must either certify the disputed issue to the Rhode Island Supreme Court or predict how that court would decide the issue if it were presented therewith.

■ We believe that certification would be inappropriate in this case because, of the numerous courts and jurisdictions that have addressed the disputed issue, each has concluded that trademark infringement is not included under "infringement of title." *See U.S. Test, Inc. v. NDE Envtl. Corp.*, 196 F.3d 1376, 1380–81 (Fed.

Cir.1999) (applying Louisiana law); *United Nat. Ins. Co. v. SST Fitness Corp.*, 182 F.3d 447, 452 n. 2 (6th Cir.1999) (applying Ohio law); *EKCO Group, Inc. v. Travelers Indem. Co. Ill.*, No. Civ. 99–236, 2000 WL 1752829, at *9 (D.N.H. Nov. 29, 2000) (applying New Hampshire law); *Heritage Mut. Ins. Co. v. Advanced Polymer Tech.*, 97 F.Supp.2d 913, 921–24 (S.D.Ind.2000) (applying Indiana law); *Gencor Indus. v. Wausau Underwriters Ins. Co.*, 857 F.Supp. 1560, 1564 (M.D.Fla.1994); *Atlantic Mut. Ins. Co. v. Brotech Corp.*, 857 F.Supp. 423, 429 (E.D.Pa.1994) (applying Pennsylvania law), *aff'd*, 60 F.3d 813 (3d Cir.1995); *St. Paul Fire & Marine v. Advanced Interventional Sys., Inc.*, 824 F.Supp. 583, 586 (E.D.Va.1993) (applying California law), *aff'd*, 31 F.3d 424 (4th Cir. 1994); *Maxconn Inc., v. Truck Ins. Exchange*, 74 Cal.App.4th 1267, 1273–79, 88 Cal.Rptr.2d 750 (1999) (applying California law); *ABB Flakt, Inc. v. Nat'l Union Fire Ins. Co. P.A.*, No. 94C–11–024, 1998 WL 437137, at *8 (Del.Super. June 10, 1998) (applying Delaware law), *aff'd*, 731 A.2d 811 (Del.Supr.1999); *IMT Ins. Co. v. Paper Sys., Inc.*, No. 00–373, 2001 WL 98545, at *1–*2 (Iowa Ct.App. Feb.7, 2001); *FileNet Corp. v. Chubb Corp.*, 324 N.J.Super. 476, 735 A.2d 1203, 1216 (N.J.Super.Ct.Law Div.1997) (applying New Jersey and California law), *aff'd*, 324 N.J.Super. 419, 735 A.2d 1170 (N.J.Super.Ct.App.Div.1999). We therefore think it highly likely that the Rhode Island Supreme Court would likewise hold that patent infringement is not included under "infringement of title."

■ Finding no conflict between Connecticut law and Rhode Island law with respect to the disputed issue, we need not conduct a choice of law analysis pursuant to Connecticut's choice of law rules. Rather, we apply the law common to these jurisdictions. Doing so, we reach the same conclusion the district court reached by applying Connecticut law: Appellee has no duty to defend the underlying patent infringement suit that has been brought against appellant.

We have carefully considered plaintiffs' remaining arguments and find them to be without merit. For the reasons discussed, the judgment of the district court is hereby AFFIRMED.