DICKSON THEATRE CO. ET AL. *v.* ANTHONY BASILICATO, JR., ET AL.

SUPERIOR COURT          JUDICIAL DISTRICT OF          FILE NO. 159930
NEW HAVEN

Memorandum filed June 27, 1980

*Winnick, Resnik, Skolnick & Auerbach,* for the plaintiffs.

*Richard Altschuler,* for the named defendant.

*Catherine Roraback,* for the defendant Local 273, International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators.

HADDEN, J. This is an action in libel brought by the plaintiffs, Dickson Theater Co., Inc. d/b/a Lincoln Theatre, and Leonard Sampson and Robert Spodick as officers, directors and sole stockholders of the corporate plaintiff. The defendants are Anthony Basilicato, Jr. and Local 273, International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators.

The defendant Basilicato has moved to strike the complaint as to him, alleging that it is legally insufficient to state a claim on which relief can be granted because a corporation does not have a right to sue in libel, that the complaint does not allege facts which could constitute libel as to the corporation and consequently as to the individual plaintiffs, and that since Basilicato is an officer or agent of a labor union the complaint is not cognizable at law.

Connecticut has never expressly recognized the right of a corporation to sue for libel. No Connecticut authority, however, has ever indicated that a corporation does not have such a right. Such a claim was made and not questioned in *Charles Parker Co.* v. *Silver City Crystal Co.*, 142 Conn. 605. In addition, it has been recognized by the Restatement of Torts (Second) § 561: "One who publishes defamatory matter concerning a corporation is subject to liability to it (a) if the corporation is one for profit, and the matter tends to prejudice it in the conduct of its business or to deter others from dealing with it, or (b) if, although not for profit, it depends upon financial support from the public and the matter tends to interfere with its activities by prejudicing it in public estimation." See also *Hotel, Restaurant, Building Service Union* v. *Hotel & Club Employes Union,* 56 Pa. D. & C. 575.

The second and third grounds urged by the defendant are without merit. The complaint alleges sufficient facts to make out a cause of action in libel as to all of the plaintiffs.

The last ground claimed by the defendant is that he is immune because he was engaged in union activities. If, in fact, all of his alleged activities as set forth in the complaint were part of his legitimate duties as the business agent of local 273, there may well be no personal liability on him for these

activities. If the evidence supports the claim that he was off on an independent course of action, however, then the law is clear that he can be held personally liable. The complaint is adequate to allege a common-law action in libel as to the defendant Basilicato.

The defendant's motion to dismiss is denied.