DAVID MURPHY *v.* CHARLES A.
BUONATO, JR., ET AL.
(SC 15558)

Callahan, C. J., and Borden, Berdon, Norcott and Katz, Js.

Argued April 25—officially released June 10, 1997

*James A. Mulhall, Jr.*, with whom was *Kevin T. Nixon, Sr.*, for the appellant (plaintiff).

*David G. Hill*, for the appellee (named defendant).

*Opinion*

PER CURIAM. In October, 1992, the plaintiff, David Murphy, agreed to care for a dog belonging to the defendant, Charles A. Buonato, Jr.,[1] for several days while the defendant was away. On October 21, 1992, the defendant delivered the dog, a chow, to the plaintiff's house for its stay in the plaintiff's care. The following day, before leaving for work, the plaintiff took the dog for a walk and then put it inside his house. When the plaintiff returned home from work, he took the dog outside and tied it to a tree in his yard. Later, while the plaintiff was attempting to bring the dog into his house for the night, the dog bit him on the left hand, causing several puncture wounds and injury to his left arm and elbow and necessitating a series of rabies shots.

The plaintiff thereafter brought this action pursuant to General Statutes § 22-357[2] to recover damages for

---

[1] The plaintiff's complaint named Charles A. Buonato, Jr., Charles A. Buonato, Sr., and Kim Fiore as defendants. The complaint was later withdrawn as to Buonato, Sr., and Fiore.

[2] General Statutes § 22-357 provides: "Damage to person or property. If any dog does any damage to either the body or property of any person, the

his injuries. The trial court found that the plaintiff was not a "keeper" of the dog as defined by General Statutes § 22-327 (6)[3] and awarded the plaintiff damages and interest pursuant to General Statutes § 52-192a in the total amount of $39,364.48. The defendant appealed from the trial court's judgment arguing that the plaintiff was a "keeper" of the dog as defined in § 22-327 and, therefore, could not recover pursuant to § 22-357, because "keepers" are not within the class of persons that the legislature intended to protect by the enactment of § 22-357. The Appellate Court agreed with the defendant, concluding that the trial court's finding that the plaintiff was not a "keeper" was clearly erroneous, and that a "keeper" could not recover under the statute. *Murphy* v. *Buonato*, 42 Conn. App. 239, 246, 250, 679 A.2d 411 (1996).

We granted certification limited to the following question: "Did the Appellate Court correctly conclude that the plaintiff was a 'keeper' under General Statutes § 22-237 and prohibited from recovering from the dog's owner for injuries caused by the dog when the plaintiff was temporarily caring for the dog at the owner's request?" *Murphy* v. *Buonato*, 239 Conn. 935, 684 A.2d 708 (1996).

After examining the record on appeal and after considering the briefs and arguments of the parties, we

owner or keeper, or, if the owner or keeper is a minor, the parent or guardian of such minor, shall be liable for such damage, except when such damage has been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog. If a minor, on whose behalf an action under this section is brought, was under seven years of age at the time the damage was done, it shall be presumed that such minor was not committing a trespass or other tort, or teasing, tormenting or abusing such dog, and the burden of proof thereof shall be upon the defendant in such action."

[3] General Statutes § 22-327 provides in relevant part: "(6) 'Keeper' means any person, other than the owner, harboring or having in his possession any dog . . . ."

322

conclude that the judgment of the Appellate Court should be affirmed. The issue on which we granted certification was properly resolved in the Appellate Court's majority opinion. It would serve no purpose for us to repeat the discussion contained therein. See *Gajewski* v. *Pavelo*, 236 Conn. 27, 30, 670 A.2d 318 (1996); *Sharp* v. *Wyatt, Inc.*, 230 Conn. 12, 16, 644 A.2d 871 (1994); *Whisper Wind Development Corp.* v. *Planning & Zoning Commission*, 229 Conn. 176, 177, 640 A.2d 100 (1994).

The judgment of the Appellate Court is affirmed.