LEWIS A. LIZOTTE *v.* RICK C. WELKER ET AL.
(SC 15681)

Callahan, C. J., and Norcott, Katz, Palmer and McDonald, Js.

Argued December 4, 1997—officially released March 17, 1998

*James W. Sherman,* for the appellant (plaintiff).

*Richard C. Robinson,* for the appellees (defendant Ralph W. Williams, Jr., et al.).

*Opinion*

PER CURIAM. This appeal by the plaintiff, Lewis Lizotte, arises out of a dispute concerning several allegedly defamatory articles published in the Journal Inquirer newspaper of Manchester regarding the events

surrounding the Enfield planning and zoning commission's granting of the plaintiff's application to construct 368 condominium units in the town of Enfield. The plaintiff filed a three count complaint alleging that the publication of the articles by the defendants[1] had resulted in severe damage to him and to his reputation.

The defendants filed a motion for summary judgment alleging that there were no genuine issues of material fact and that they were entitled to judgment as a matter of law. The trial court granted the motion, finding that the plaintiff had not established the existence of any genuine issue of material fact and, "as a matter of law, that the statements made by the defendants are not libelous." *Lizotte* v. *Welker*, 45 Conn. Sup. 217, 234, 709 A.2d 50 (1996).

The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). On appeal, the plaintiff asserts that the trial court improperly concluded that: (1) there were no genuine issues of material fact in dispute as to the veracity of the contents of several of the articles; and (2) the statements in the remaining articles were not libelous.

Our examination of the record and our review of the briefs and arguments of the parties on appeal persuades us that the judgment of the trial court should be affirmed. The issues regarding the underlying factual disputes and the nondefamatory nature of the articles were resolved properly in the trial court's thoughtful

[1] The original defendants were the Journal Inquirer, several employees of the Journal Inquirer, and two private citizens from Enfield, Rick C. Welker and Susan Olender, both of whom had written published letters to the editor of the Journal Inquirer criticizing the handling of the plaintiff's zoning application. The cases against Welker and Olender were dismissed in 1992. The remaining defendants will be referred to as the defendants throughout this opinion.

and comprehensive memorandum of decision. *Lizotte* v. *Welker*, supra, 45 Conn. Sup. 217. Because that memorandum of decision fully addresses the arguments raised in the present appeal, we adopt it as a proper statement of the facts and the applicable law on those issues. It would serve no useful purpose for us to repeat the discussion contained therein. See *Molnar* v. *Administrator, Unemployment Compensation Act*, 239 Conn. 233, 235, 685 A.2d 1107 (1996); *Val-Pak of Central Connecticut North, Inc.* v. *Commissioner of Revenue Services*, 235 Conn. 737, 740, 669 A.2d 1211 (1996).

The judgment is affirmed.