### EDWARD BRENNAN *v.* BURGER KING CORPORATION
### (SC 15777)

Callahan, C. J., and Norcott, Palmer, McDonald and Peters, Js.

Argued February 19—officially released March 24, 1998

---

*James P. Brennan*, for the appellant (defendant).

*Kie Westby*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The sole issue in this certified appeal is whether the Appellate Court properly concluded that the plaintiff had proven his future medical expenses to a reasonable degree of medical probability. The plaintiff, Edward Brennan, slipped and fell on an icy section of the parking lot at the Burger King restaurant in Watertown. The parking lot was owned by the defendant, Burger King Corporation. The fall caused serious injuries to the plaintiff's right leg, which resulted in it being two inches shorter than his left leg, leaving the plaintiff permanently disabled. Thereafter, the plaintiff brought an action for negligence against the defendant. The case was tried to a jury, which returned a verdict in favor of the plaintiff in the amount of $199,500, of which $40,000 represented future economic damages.

The defendant moved to set aside that portion of the judgment representing future economic damages on the ground that the plaintiff had failed to prove his future medical expenses to a reasonable degree of medical probability. The trial court denied the defendant's motion, and the defendant thereafter appealed to the Appellate Court. The Appellate Court affirmed the judgment of the trial court. *Brennan* v. *Burger King Corp.*, 46 Conn. App. 76, 698 A.2d 364 (1997). We granted the defendant's petition for certification to appeal, limited

to the following issue: "Did the Appellate Court properly conclude that the plaintiff had proven future medical expenses to a reasonable probability?" *Brennan* v. *Burger King Corp.*, 243 Conn. 920, 701 A.2d 340 (1997).

Having examined the record on appeal, studied the briefs and heard the arguments of the parties, we conclude that the judgment of the Appellate Court should be affirmed. The issue on which we granted certification was properly resolved in the thoughtful and comprehensive opinion of the Appellate Court. It would serve no useful purpose for us to repeat the discussion contained therein. See *Murphy* v. *Buonato*, 241 Conn. 319, 321, 696 A.2d 320 (1997); *Gajewski* v. *Pavelo*, 236 Conn. 27, 30, 670 A.2d 318 (1996); *Sharp* v. *Wyatt, Inc.*, 230 Conn. 12, 16, 644 A.2d 871 (1994).

The judgment of the Appellate Court is affirmed.