## BISHOP'S CORNER ASSOCIATES LIMITED PARTNERSHIP ET AL. *v.* SERVICE MERCHANDISE COMPANY, INC., ET AL.
### (SC 15976)

Callahan, C. J., and Berdon, Katz, Palmer and McDonald, Js.

Argued September 24—officially released October 20, 1998

*Wesley W. Horton*, with whom were *Kenneth J. Bartschi, Mark A. Rosenblum* and, on the brief, *Michele C. Camerota*, legal intern, for the appellants (plaintiffs).

*Steven M. Greenspan*, with whom were *John B. Nolan* and, on the brief, *Robert W. Clark*, for the appellee (named defendant).

*Louis R. Pepe*, with whom was *Thomas J. Rechen* and, on the brief, *James A. Budinetz*, for the appellee (defendant Trigg Realty, LLC).

PER CURIAM. The named defendant,[1] Service Merchandise Company, Inc., is the lessee and the plaintiffs, Bishop's Corner Associates Limited Partnership and Bishop's Corner/Florida Limited Partnership, are the lessors of land located in Bishop's Corner, West Hartford. The dispositive issue in this appeal is whether the trial court properly concluded that the defendant did not "vacate" the leased premises within the meaning of the vacating clause of its lease. See *Bishop's Corner Associates Ltd. Partnership* v. *Service Merchandise Co.*, 45 Conn. Sup. 443, 720 A.2d 531 (1998). The plaintiffs appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 65-1 and General Statutes § 51-199 (c). We affirm the judgment of the trial court.

The facts giving rise to this appeal are set forth in detail in the trial court's opinion; *Bishop's Corner Associates Ltd. Partnership* v. *Service Merchandise Co.*, supra, 45 Conn. Sup. 443; and may be summarized as follows. The lease in issue is a "ground" lease. It was executed in 1965, with a significant amendment in 1966, and has a term of sixty-five years. As contemplated in the lease, a retail building, which contains approximately 69,000 square feet of space, subsequently was constructed on the land. In 1989, the defendant subleased approximately 2400 square feet of the premises to another retail business, The Casual Male.

Section 21 (b) of the ground lease provides in relevant part: "[I]f Tenant shall vacate . . . the demised premises, Landlord shall have the right to cancel and terminate this lease, as well as all of the right, title and interest of Tenant" in the ground lease. The defendant

---

[1] Unless otherwise noted, we refer herein to the named defendant as the defendant. The other defendant is Trigg Realty, LCC.

notified the plaintiffs, in a letter dated March 27, 1997, that it had decided to cease retail operations at the leased premises. The letter stated that the defendant intended to "honor the terms of [its] lease" and that it hoped to find a replacement tenant as soon as possible.

Thereafter, the defendant entered into negotiations with the plaintiffs for the sale of the defendant's leasehold interest to the plaintiffs, but those negotiations eventually were terminated because the parties were unable to agree on a price. In the course of the negotiations, the plaintiffs informed the defendant that the vacating clause of the lease might present some difficulty for the defendant. On June 4, 1997, the plaintiffs faxed to the defendant a copy of the lease, in which the vacating clause had been highlighted. In response, the defendant wrote the plaintiffs stating that it had no intention of vacating the premises and that it would continue to abide by the terms of its lease. The defendant again informed the plaintiffs that it would cease retail operations at the premises until a suitable replacement tenant could be found.

On May 27, 1997, approximately one week before the plaintiffs faxed the highlighted copy of the lease to the defendant, the defendant entered into a contract to assign its leasehold to a third party, Trigg Realty LLC (Trigg). Under that contract, Trigg agreed, subject to a review period, to purchase the defendant's leasehold interest for the sum of $3,500,000. The agreed upon price was significantly higher than the price the plaintiffs had offered the defendant. Trigg immediately began marketing the premises to prospective retail tenants. On July 10 1997, the defendant and Trigg amended their agreement to provide for the contractual review period to end on August 10, 1997, and for a closing date no later than September 12, 1997.

On July 11, 1997, the defendant discontinued its retail operations at the premises. The only items the defendant left inside the store were a rather formidable jewelry display structure, two conveyor belts, shelving and a small amount of furniture. All of the defendant's inventory was removed from the store, and no employees remained on the premises. Although the defendant removed items of considerable value from the store, the items that remained also had substantial value. Posted signs declared that the defendant's store had been closed. The defendant continued to maintain the premises and honor its financial obligations under the lease, and the store security system remained in operation.

On July 14, 1997, only three days after the cessation of retail operations, the plaintiffs instituted this action in the Superior Court seeking a declaratory judgment that the defendant had violated the vacating clause of the lease and that the plaintiffs consequently were entitled to pursue their remedies under the lease. The trial court concluded that the defendant had not vacated the premises within the meaning of the vacating clause of the lease because items of substantial value had been left in the store and because the subtenant, The Casual Male, had continued its operations on the premises. The court therefore rendered judgment in favor of the defendant and Trigg, which had been included as a party to this action by virtue of its interest in the leasehold.

After considering the briefs and arguments of the parties and examining the record on appeal, we conclude that the judgment of the trial court is correct and must be affirmed. The issue of whether the defendant vacated the premises was resolved properly in the trial court's opinion. It would serve no useful purpose for this court to repeat the discussion contained therein. See *Brennan* v. *Burger King Corp.*, 244 Conn. 204, 206, 707 A.2d 30 (1998); *Lizotte* v. *Welker*, 244 Conn. 156, 158, 709 A.2d 1 (1998); *Murphy* v. *Buonato*, 241 Conn.

319, 321–22, 696 A.2d 320 (1997); *Gajewski* v. *Pavelo*, 236 Conn. 27, 30, 670 A.2d 318 (1996).

The judgment is affirmed.