[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE
CT Page 3375
On August 2, 1999, the plaintiffs, Mark E. Legowski and Legowski Associates filed a three count revised complaint against the defendants, John 0' Keefe and Marsh McLennan, Inc. (Marsh). Marsh was engaged in the business of issuing bonds to various construction companies and O'Keefe was an account representative employed by Marsh. The plaintiffs provided accounting services to Conn-strux, Inc. (Conn-strux), a construction company, and Conn-strux regularly received its bonding from Marsh. The plaintiffs prepared financial statements for Conn-strux that Conn-strux was to use to obtain bonding from Marsh for construction projects. The revised complaint arises out of a dispute between the plaintiffs and O'Keefe regarding the accuracy of these financial statements. The plaintiffs allege: tortious interference with a business relationship by O'Keefe (count one); slander by O'Keefe (count two); and violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110b et seq., relative to O'Keefe and Marsh (count three). Presently before the court is the defendants' motion to strike all three counts of the plaintiffs' revised complaint.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . ., to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v.Autuori, 236 Conn. 820, 825, 676 A.2d 357 (1996). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v.United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Pamela B. v. Ment, 244 Conn. 296, 308,709 A.2d 1089 (1998). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems.Inc. v. BOC Group. Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). "Where the legal grounds for. . . a motion [to strike] are dependent upon underlying facts not alleged in the plaintiffs pleadings . . . the motion should be denied." Liljedahl Bros.,Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990).
 I. CT Page 3376
The defendants move to strike count one on the ground that it fails to allege an existing contractual relationship or expectancy as required to plead a sufficient claim of tortious interference with business relations. Moreover, the defendants argue in their memorandum in support of their motion to strike that the plaintiffs fail to allege facts that there was a reasonable probability that the plaintiffs would have entered into a contract or that they would have made a profit. Connecticut "has long recognized a cause of action for tortious interference with contract rights or other business relations. . . . The essential elements of such a claim include . . ., the existence of a contractual or beneficial relationship and that the defendant(s), knowing of that relationship, intentionally sought to interfere with it; and, as a result, the plaintiff claimed to have suffered actual loss." (Internal quotation marks omitted.) Rumbin v. Baez,52 Conn. App. 487, 492, 727 A.2d 744 (1999). "A plaintiff states an actionable cause [for tortious interference with a contract] by alleging that the defendant intentionally interfered with a business or contractual relationship of the plaintiff and that the plaintiff, as a result, has suffered an actual loss." (Internal quotation marks omitted.) Holler v. Buckley Broadcasting Corp.,47 Conn. App. 764, 769, 706 A.2d 1379 (1998).
Count one alleges that: "Conn-strux was a client of Legowski and Associates and for several years Legowski and Associates had provided accounting and related services to Conn-strux." (Complaint, Count One, § 6.) "Once Mr. Legowski informed the defendant O'Keefe that he would not alter the financial statements, the defendant O'Keefe began having discussions with Conn-strux through its principals about the financial statements and about Conn-strux's ability to obtain bonding." (Complaint, Count One, § 12.) "The defendant O'Keefe began providing Conn-strux with false information about Legowski and Associates and about its ability to properly prepare the financial statements referenced above." (Complaint, Count One, § 13.) "As a result of the conduct of the defendants, Conn-strux terminated its relationship with Legowski and Associates." (Complaint, Count One, § 16.) "The foregoing conduct on the part of the defendant Marsh and the defendant O'Keefe constitutes tortious interference of a business relationship all to the loss and detriment of Legowski and Associates." (Complaint, Count One, § 17.)
The court finds that count one fails to allege that the CT Page 3377 defendants intentionally interfered with a business or contractual relationship of the plaintiffs. Additionally, the court concludes that the complaint does not allege that the plaintiffs suffered an actual loss. See Holler v. Buckley Broadcasting Corp., supra, 47 Conn. App. 768. The defendants' motion to strike count one is therefore granted.
 II.
The defendants move to strike count two on the ground that it fails to meet the requirements for a claim of slander because it does not identify any person to whom the alleged remarks were published. The plaintiffs counter that the allegation of publication is necessarily implied from the allegations of fact in count two.
"Defamation is made up of the twin torts of libel and slander — the one being, in general, written while the other in general is oral. . . ." W. Prosser and W. Keeton, Torts (5th ed. 1984) § 111, p. 771; see also Charles Parker Co. v. SilverCity Crystal Co., 142 Conn. 605, 611-12, 116 A.2d 440 (1955). "A prima facie case of defamation is made when the plaintiff demonstrates that: 1. [a] defamatory statement was made by the defendant; 2. [t]he defamatory statement identifies the plaintiff to a reasonable reader; 3. [t]he defamatory statement is published to a third person; and; 4. [t]he plaintiffs reputation suffers injury." (Internal quotation marks omitted.) Lizotte v.Welker, 45 Conn. Sup. 217, 220, 709 A.2d 50 (1996), affd,244 Conn. 156, 709 A.2d 1 (1998). "To find that the defendants were liable for defamation . . ., the [court is] required to find that the defendants published false statements that harmed the [plaintiff], and that the defendants were not privileged to do so." (Internal quotation marks omitted.) Torosyan v. BoehringerIngelheim Pharmaceuticals. Inc., 234 Conn. 1, 27, 662 A.2d 89
(1995); Kelley v. Bonney, 221 Conn. 549, 563, 606 A.2d 693
(1992). "Publication is . . . the communicat[ion] [of] defamatory words orally . . ., to some third person capable of understanding their defamatory import. . . . Common sense dictates that a lay person would understand the term "publication' to mean the communication of words to a third person." (Citation omitted; emphasis in original; internal quotation marks omitted.)Springdale Donuts, Inc. v. Aetna Casualty Surety Co.,247 Conn. 801, 810, 724 A.2d 1117 (1999).
Count two alleges: "Once Mr. Legowski informed the defendant CT Page 3378 O'Keefe that he would not alter the financial statements, the defendant O'Keefe began having discussions with Conn-strux through its principals about the financial statements and about Conn-strux's ability to obtain bonding." (Complaint, Count 2, § 12.) "When Mr. Legowski informed the defendant O'Keefe that he would not alter the financial statements to facilitate bonding through the defendant Marsh, the defendant O'Keefe began to make derogatory and defamatory statements about Mr. Legowski." (Complaint, Count 2, § 14.) "At various times during June and July of 1998, the defendant O'Keefe made derogatory and defamatory remarks about Mr. Legowski and about his ability as an accountant and about his experience in the accounting business." (Complaint, Count 2, § 15.) "The foregoing conduct on the part of the defendant O'Keefe constitutes slander all to the loss and detriment of Mr. Legowski." (Complaint, Count 2, § 16.) The court finds that the plaintiffs' complaint is devoid of any allegation that the alleged remarks were published to a third person, a necessary predicate for a slander cause of action.[1]
The defendants' motion to strike count two is therefore granted.
 III.
The defendants move to strike count three on the ground that it fails to allege a violation of the Connecticut Unfair Insurance Practices Act (CUIPA), General Statutes § 38a-815, as required for a claimed violation of CUTPA by a person engaged in the insurance business. The plaintiffs counter that under Connecticut law, a bonding company is not in the business of insurance and, thus, it does not need to allege a violation of CUIPA in order to state a cause of action under CUTPA for unfair and deceptive trade practices against the defendants.
In Blakeslee Arpaia Chapman, Inc. v. United States Fidelity andGuaranty Co., Superior Court, judicial district of New London at New London, Docket No. 520348 (March 4, 1994, Hurley, J.), the court was confronted with the issue of whether or not performance and payment bonds constitute policies of insurance. The court found that "this payment bond is a surety contract, and not a contract of insurance. A payment bond . . . does not fit within the definition of `insurance,' nor does it constitute a contract or policy of insurance." Id. The court noted the following distinctions between a surety contract and an insurance contract: "First, a contractor does not purchase a performance or payment bond to protect himself from loss. Second, a suretyship involves a third party, the contractor as principal, which creates a basic CT Page 3379 difference from insurance contracts. Third, the premium on a surety bond is usually paid by the principal although the obligee is the party receiving the protection of the bond. While insurance contracts and suretyships are often viewed as similar, these differences necessitate caution in applying the rules of insurance." Similarly, in the present case, the complaint alleges that "the defendant Marsh and McLennan, Inc. was a company engaged in the business of issuing bonds to various construction companies." (Complaint, Count Three, § 3). The business of issuing bonds does not fit within the definition of insurance. See Blakeslee Arpaia Chapman. Inc. v. United States Fidelity andGuaranty Co., supra, Superior Court, Docket No. 520348. Thus, the plaintiffs need not allege a violation of CUIPA in order to state a cause of action under CUTPA for unfair and deceptive trade practices against the defendants. The defendants' motion to strike count three is therefore denied.
CONCLUSION
The defendants' motion to strike counts one and two are hereby granted. The defendants' motion to strike count three is denied.
Peck, J.