STATE OF CONNECTICUT *v.* HAROLD
TRENT BUTLER
(SC 16274)

Sullivan, C. J., and Katz, Palmer, Vertefeuille and Zarella, Js.

Argued March 15—officially released May 1, 2001

*Mitchell S. Brody,* senior assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Michael A. Pepper,* assistant state's attorney, for the appellant (state).

*Avery S. Chapman,* for the appellee (defendant).

*Opinion*

PER CURIAM. The defendant appealed from the judgment of conviction of murder as an accessory in violation of General Statutes §§ 53a-8 (a) and 53a-54a (a) and conspiracy to commit murder in violation of General

Statutes §§ 53a-48 (a) and 53a-54a (a).[1] On appeal to the Appellate Court, the defendant claimed, inter alia, that the trial court, in violation of his due process right to a fair trial under the federal constitution, improperly had: (1) denied his motions for a mistrial that were based on alleged egregious prosecutorial misconduct; and (2) adopted a curative instruction that was insufficient to cure the prejudice caused by the misconduct. The Appellate Court agreed with the defendant, concluding, despite the trial court's curative instructions, "on the basis of the severity of the misconduct, its centrality to the critical issues in the case and the weakness of the state's case, that the prosecutor's misconduct deprived the defendant of his due process right to a fair trial." *State* v. *Butler*, 55 Conn. App. 502, 519, 739 A.2d 732 (1999).

We granted certification to appeal, limited to the following issue: "Did the Appellate Court correctly con-

---

[1] General Statutes § 53a-8 provides in relevant part: "Criminal liability for acts of another. (a) A person, acting with the mental state required for commission of an offense, who solicits, requests, commands, importunes or intentionally aids another person to engage in conduct which constitutes an offense shall be criminally liable for such conduct and may be prosecuted and punished as if he were the principal offender. . . ."

General Statutes § 53a-48 provides in relevant part: "Conspiracy. . . . (a) A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy. . . ."

General Statutes § 53a-54a provides in relevant part: "Murder. (a) A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person or of a third person or causes a suicide by force, duress or deception; except that in any prosecution under this subsection, it shall be an affirmative defense that the defendant committed the proscribed act or acts under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse, the reasonableness of which is to be determined from the viewpoint of a person in the defendant's situation under the circumstances as the defendant believed them to be, provided nothing contained in this subsection shall constitute a defense to a prosecution for, or preclude a conviction of, manslaughter in the first degree or any other crime. . . ."

clude that a due process violation resulted from prosecutorial misconduct during closing argument?" *State* v. *Butler*, 252 Conn. 941, 747 A.2d 520 (2000). This certified appeal followed.

Having examined the record on appeal, studied the briefs and heard the arguments of the parties, we conclude that the judgment of the Appellate Court should be affirmed. The thoughtful and comprehensive opinion of the Appellate Court properly resolved the issues in this certified appeal. A further discussion by this court would serve no useful purpose. See, e.g., *Brennan* v. *Burger King Corp.*, 244 Conn. 204, 206, 707 A.2d 30 (1998); *Murphy* v. *Buonato*, 241 Conn. 319, 321–22, 696 A.2d 320 (1997).

The judgment of the Appellate Court is affirmed.