[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE FACTS
On May 24, 2000, the plaintiff, the Lega Siciliana Social Club, Inc. (Club), filed a ten paragraph complaint against the defendant, Robert St. Germaine Sr. (St. Germaine), alleging defamation and libel. The Club alleges that St. Germaine wrote a letter to a member of the Waterbury Board of Aldermen that contained defamatory and libelous statements. It further alleges that copies of this letter were sent to the Waterbury Zoning Board, the Liquor Control Commission, the Governor, the Attorney General and were made available to the news media. The Club argues that St. Germaine's written statements are false and caused harm to the Club's reputation and good standing in the community.
On October 11, 2000, the Club filed a request to amend the complaint seeking to add one additional paragraph that claims compensatory damages. On July 12, 2001, St. Germaine filed a motion to strike the Club's amended complaint and a memorandum of law in support thereof St. Germaine argues that (1) the alleged defamatory statements are not made about the Club, but rather its members and therefore the Club does not have standing to sue; (2) the Club fails to set forth any facts in its complaint that sufficiently allege defamation; (3) the complaint is legally insufficient and does not state a claim upon which relief can be granted because St. Germaine was privileged to make all statements; (4) the complaint is legally insufficient because the Club does not allege St. Germaine acted with malice; (5) the complaint is legally insufficient because the Club does not plead any cognizable damage or harm since a corporation does not have a reputation that can be injured by the alleged acts and (6) the Club's prayer for relief is insufficient because it does not correspond and/or is not supported by the allegations. CT Page 15485
On July 23, 2001, the Club filed a memorandum in opposition to St. Germaine's motion to strike.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). The role of a trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.)Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859
(1997). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citation omitted; internal quotation marks omitted.) Lombard v. EdwardJ. Peters, Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630 (2000). "Practice Book . . . § 10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment,244 Conn. 296, 325, 709 A.2d 1089 (1998).
The primary issue for the court to determine is whether a corporation may sue for defamation and libel. The Club claims it is a non-stock corporation, established in 1908 as a social, fraternal and family oriented club whose regular membership is restricted to native-born Sicilians or natural born Americans of Sicilian ancestry. It alleges that St. Germaine's written statements are false and caused harm to its reputation and good standing in the community. St. Germaine argues that these allegations are legally insufficient because a corporation cannot sue for defamation.
"Defamation consists of the twin torts of libel and slander. A corporation may sue for libel." National Distributor System v. Steinis,
Superior Court, judicial district of New Haven, Docket No. 415780 (Jun. 25, 1999, Levin, J.), citing Charles Parker Co. v. Silver City CrystalCo., 142 Conn. 605, 612-13, 116 A.2d 440 (1955). "In addition, it has been recognized by the Restatement of Torts(Second) § 561: One who publishes defamatory matter concerning a corporation is subject to liability to it (a) if the corporation is one for profit, and the matter tends to prejudice it in the conduct of its business or to deter others from dealing with it, or (b) if, although not for profit, it depends upon financial support from the public and the matter tends to interfere with its activities by prejudicing it in public estimation." (Citations omitted; internal quotation marks omitted.) Dickson Theatre Co. v.CT Page 15486Basilicato, 36 Conn. Sup. 345, 346, 421 A.2d 877 (1980). Under Connecticut law, the Club may sue St. Germaine for defamation and libel.
The next issue this court must address is whether the allegations in the Club's complaint are legally sufficient to support a cause of action against St. Germaine for defamation and libel. St. Germaine argues that the Club's complaint is legally insufficient (1) because the Club fails to allege facts to support a cause of action for defamation against St. Germaine; (2) because St. Germaine was privileged to make all of the statements; (3) because the Club fails to allege that St. Germaine acted with malice and (4) because the Club's prayer for relief is insufficient. The court will first address St. Germaine's arguments of privilege and malice.
A. Privilege and Malice
"In Connecticut, as a general rule, facts must be pleaded as a special defense when they are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. Privilege is an affirmative defense in a defamation action and must, therefore, be specifically pleaded by the defendant. This view has been followed in numerous Superior Court decisions.[1] It would appear, therefore, that the merit of a privilege defense is not properly addressed in the context of a motion to strike a complaint." (Citations omitted.) Bahrenburg v. Mills, Superior Court, judicial district of Hartford, Docket No. 801630 (Mar. 16, 2001, Wagner, J.T.R.)
"As aforesaid, the defendants' privilege defense(s) are not properly before the court, and the court will not consider them for purposes of this motion [to strike]. Thus, the plaintiff's cause of action alleging defamation cannot be defeated on the ground that the defendants' statements were privileged. . . . If the defendant's actions are ultimately found to be privileged, the defendants will have a defense to the defamation action." Meehan v. Yale New Haven Hospital, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 320418 (Mar. 12, 1996, Hartmere, J.) (16 Conn. L. Rptr. 437, 442).
Similarly, the issue of motive involves questions of fact not properly before the court in the context of a motion to strike. "It is a question of fact for a court or a jury, however, to determine whether the defendant has abused a conditional privilege. A conditional or qualified privilege may be abused or lost if the defendant published or broadcast the defamatory remarks with malice, improper motive, or bad faith." (Citations omitted) Miles v. Perry, 11 Conn. App. 584, 594 n. 8,529 A.2d 199 (1987). CT Page 15487
Therefore, although St. Germaine argues that his statements were privileged and that the Club failed to allege malice, these arguments do not render the Club's allegations legally insufficient for purposes of a motion to strike.
B. Defamation and Libel
"Defamation is that which tends to injure reputation in the popular sense; to diminish the esteem, respect, goodwill or confidence in which the plaintiff is held, or to excite adverse, derogatory or unpleasant feelings or opinions against him." (Internal quotation marks omitted)Lizotte v. Welker, 45 Conn. Sup. 217, 220, 709 A.2d 50 (1996), aff'd,244 Conn. 156, 709 A.2d 1 (1998). To be liable for defamation, the court must find "that the defendants published false statements that harmed the [plaintiff], and that the defendants were not privileged to do so." (Citations omitted; internal quotation marks omitted.) Torosyan v.Boehringer Ingelheim Pharmaceuticals, Inc., 234 Conn. 1, 27, 662 A.2d 89
(1995). "Common sense dictates that a lay person would understand the term publication to mean the communication of words to a third person." (Internal quotation marks omitted.) Springdale Donuts, Inc. v. AetnaCasualty Surety Co. of Illinois, 247 Conn. 801, 810, 724 A.2d 1117
(1999).
"Libel is defamation of a character usually consisting of the printed word." Miles v. Perry, supra, 11 Conn. App. 601 n.ll. "Before a party will be held liable for libel, there must be an unprivileged publication of a false and defamatory statement." (Citations omitted.) Strada v.Connecticut Newspapers, Inc., 193 Conn. 313, 316, 477 A.2d 1005 (1984). "Whether a publication is libelous per se is a question for the court. . . . Two of the general classes of libel which, it is generally recognized, are actionable per se are (1) libels charging crimes and (2) libels which injure a man in his profession and calling." (Citations omitted; internal quotation marks omitted.) Battista v. UnitedIlluminating Co., 10 Conn. App. 486, 492, 523 A.2d 1356, cert. denied,204 Conn. 803, 525 A.2d 1352 (1987). The first class of libel per se requires the crime charged be one that is punishable by imprisonment. Id., 493. The second class of libel per se involves a charge of "improper conduct or lack of skill or integrity in one's profession or business and is of such a nature that it is calculated to cause injury to one in his profession or business." (Citations omitted.) Charles Parker Co. v. SilverCity Crystal Co., supra, 142 Conn. 612.
In its complaint, the Club alleges that St. Germaine wrote a letter to a member of the Waterbury Board of Aldermen stating that members of the Club are corrupt public officials or have corrupted public officials in the city of Waterbury solely for the purpose of obtaining benefits for CT Page 15488 the Club, that membership in the Club is comprised of persons affiliated with the "international criminal organization known as the mafia" and the "ethnic group" of the Club invades the quality of life in the neighborhood to all its detriment. The Club alleges that copies of this letter were sent to the Waterbury Zoning Board, the Liquor Control commission, the Governor, the Attorney General and became available to the news media. The Club alleges the contents of the letter are false and caused harm to the Club's reputation and good standing in the community.
Upon viewing these allegations in the light most favorable to the Club, the allegations in the complaint sufficiently state a cause of action for defamation and libel per se. The Club sufficiently pleads that St. Germaine published a false, unprivileged statement in writing that caused the Club harm. Allegedly, the letter written by St. Germaine states that members of the Club are corrupt public officials or have corrupted public officials and are members of the mafia. These allegations charge crimes that are punishable by imprisonment. The allegations attack the integrity of the Club and its members. These allegations can cause harm to the Club's reputation and good standing in the community. Since a non-profit organization can sue for defamation and libel, courts do recognize the harm the Club alleges it suffered. The allegations of defamation and libel set forth by the Club in its complaint are therefore adequate to survive St. Germaine's motion to strike.
C. Prayer for Relief
The last issue the court must address is the Club's prayer for relief St. Germaine argues that the Club's prayer for relief is legally insufficient because the relief does not correspond and/or is not supported by the allegations.
"Libel per se . . . is a libel the defamatory meaning of which is apparent on the face of the statement and is actionable without proof of actual damages. . . . When the defamatory words are actionable per se, the law conclusively presumes the existence of injury to the plaintiff's reputation. He is required neither to plead nor to prove it. . . . The individual plaintiff is entitled to recover, as general damages, for the injury to his reputation and for the humiliation and mental suffering which the libel caused him. . . . Both nominal and punitive damages also may be awarded where the defamatory material is libel per se. Where the court has found that the plaintiff has suffered a technical legal injury, the plaintiff is entitled to at least nominal damages. In turn, an award of punitive damages is appropriate where the plaintiff has recovered nominal damages. Furthermore, punitive damages are appropriate in a libel action where the court has found that the defendant acted with CT Page 15489 actual malice when publishing the defamatory material." (Citations omitted; internal quotation marks omitted.) Lyons v. Nichols,63 Conn. App. 761, 767-69, 778 A.2d 246 (2001).
The Club sufficiently pleads damages. The Club is not required to plead actual or special damages for libel per se. Based on the foregoing reasons, the Club's allegations sufficiently set forth a cause of action for defamation and libel per se and accordingly the motion to strike is denied.
CHASE T. ROGERS SUPERIOR COURT JUDGE