EARL BATES *v.* COMMISSIONER OF CORRECTION
(AC 23821)

Foti, Pellegrino and Dupont, Js.

Argued October 19, 2004—officially released January 11, 2005

*David B. Rozwaski*, for the appellant (petitioner).

*Richard T. Biggar*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Henri Alexandre*, assistant attorney general, for the appellee (respondent).

*Opinion*

DUPONT, J. The primary issue in this appeal from the judgment denying a petition for a writ of habeas corpus and challenging the subsequent denial of a petition for certification to appeal to this court concerns statutory good time credit and when deductions from such credit for disciplinary sanctions are permissible. We conclude that the petition for certification to appeal should have been granted, but affirm the habeas court's denial of the petition for a writ of habeas corpus.

I

PROCEDURAL AND FACTUAL BACKGROUND

The petitioner, Earl Bates, sought relief by way of a petition for a writ of habeas corpus, claiming that the calculation of his statutory good time credit was improper.

The following facts, as found by the court, are relevant to the petitioner's appeal. "The petitioner was the

defendant in a criminal case . . . in which he was convicted of violations of [General Statutes] § 21a-277 (a) and (b). He was sentenced to a total effective [term] of three years [incarceration] on March 13, 1991. On the same date and in the same court, he was sentenced . . . to another three (3) year sentence for a violation of General Statutes § 21a-279 (a) to run concurrent to the first [sentence]. The petitioner was also the defendant in a third criminal case . . . in which he was found to have violated General Statutes §§ 53a-59 (a) (1), 29-35 and 29-37 (b). On July 31, 1992, he was sentenced to a total effective sentence of nine (9) years. Finally, the petitioner was the defendant in a fourth criminal case . . . in which he was convicted of various offenses and sentenced to a total effective sentence of two (2) years, nine (9) months, to run consecutive to the existing sentence.

"During his incarceration, the petitioner was found guilty of numerous disciplinary violations for which he lost statutory good time credit. . . . During his incarceration on his first sentence between March 13, 1991, and July 31, 1992, the petitioner earned a total of 166 days of statutory good time credit. He earned an additional 232 days of statutory good time credit between July 31, 1992, and July 31, 1994. On August 1, 1994, the petitioner was placed in restricted housing and thereafter so long as he remained in this status . . . lost the right to earn any statutory good time credit. The petitioner was held in the pretrial custody of the respondent [commissioner of correction] in lieu of bond for a total of twenty-four days under his original sentence[1] . . . . There was no pretrial custody credit for any of his other convictions, as he was already a convicted prisoner."

[1] The court noted that the parties agree that the petitioner was entitled to twenty-four days of jail credit.

The petitioner alleged in his habeas corpus petition that the department of correction (department) cannot deduct statutory good time credit retroactively when previously such credit was not available for the punishment of the inmate. The petitioner argues that the law is well settled that the department cannot take unearned good time credit from an inmate. *Nichols* v. *Warren,* 209 Conn. 191, 550 A.2d 309 (1988). In response, the respondent argues that the department did not take unearned good time credit, but rather corrected the petitioner's sentence in accordance with *Rivera* v. *Commissioner of Correction,* 254 Conn. 214, 756 A.2d 1264 (2000), which gave the petitioner a pool of credit from which disciplinary sanctions could be deducted.

## II

## DENIAL OF PETITION FOR CERTIFICATION TO APPEAL

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. Abuse of discretion is the proper standard because that is the standard to which we have held other litigants whose rights to appeal the legislature has conditioned upon the obtaining of the trial court's permission. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v. *Warden,* 230 Conn. 608, 612, 646 A.2d 126 (1994). A petitioner will establish a clear abuse of discretion in the denial of a timely request for certification to appeal if he can demonstrate the existence of one of the following criteria: (1) the issues are debatable among jurists of reason; (2) a court could resolve the issues in a different manner; or (3) the questions are adequate to deserve encouragement to proceed further. Id., 616.

This case presents an issue of first impression, namely, whether statutory good time credit given to an inmate as a result of *Rivera* constituted statutory good time earned in the year the credit should have been given. We conclude that this case presents an issue that is debatable among jurists of reason. The court, therefore, improperly denied the petition for certification to appeal.

## III

## DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS

Pursuant to General Statutes § 18-7a (c), persons sentenced to a term of imprisonment may have their sentences reduced for good behavior and obedience to the rules of the correctional facility. *Nichols* v. *Warren*, supra, 209 Conn. 193. The issue of this appeal is whether the court properly concluded that the department should have (1) deducted eighty-five days from the petitioner's statutory good time credit for disciplinary sanctions from his 1991 sentence and (2) deducted eighty-one days of statutory good time credit as a result of the petitioner's disciplinary report dated May 26, 1993. The petitioner argues that under the holdings of *Howard* v. *Commissioner of Correction*, 230 Conn. 17, 644 A.2d 874 (1994), and *Nichols* v. *Warren*, supra, 191, the department cannot take unearned good time credit from an inmate. The respondent argues that the department did not take unearned good time credit, but, rather, simply corrected the petitioner's sentence in accordance with *Rivera* v. *Commissioner of Correction*, supra, 254 Conn. 214. We agree with the respondent.

Between July 31, 1992, and August 1, 1994, the date the petitioner entered restrictive housing, the petitioner earned 232 days of statutory good time credit. During that same period, the petitioner accrued 160 days of

forfeiture.[2] The petitioner received two disciplinary tickets in May, 1993, both resulting in ninety day forfeitures. The first ticket, dated May 14, 1993, resulted in a forfeiture of all of the petitioner's earned statutory good time credit to that date. The petitioner also received a second disciplinary ticket dated May 26, 1993, resulting in another ninety day forfeiture. As a result of the May 14, 1993 disciplinary ticket, however, the petitioner did not have any earned statutory good time against which forfeiture resulting from the May 26, 1993 ticket could be deducted. The petitioner did, however, continue to earn statutory good time credit after the May 26, 1993 disciplinary ticket until August, 1994, when he entered restrictive housing. As of August 1, 1994, the petitioner had a balance of seventy-two days of statutory good time credit. In accord with the decision in *Nichols* v. *Warren*, supra, 209 Conn. 193, the forfeiture resulting from the May 26, 1993 ticket was not deducted from his later earned statutory good time credit.

In December, 2000, the petitioner received 166 days of statutory good time credit that he earned on his 1991 sentence, which should have been carried over to his 1992 sentence. The petitioner also accrued eighty-five days of forfeiture due to disciplinary sanctions during his 1991 sentence. The total number of days that could have been carried over from the petitioner's 1991 sentence, as of July 31, 1992, therefore, was eighty-one days of statutory good time credit. The fact that the petitioner's time sheet was adjusted in 2000 to reflect that credit does not change the fact that the petitioner earned that credit during his 1991 sentence. We conclude that the petitioner had eighty-one days of earned

[2] General Statutes § 18-7a (c); see *Nichols* v. *Warren*, supra, 209 Conn. 193 n.1 (noting that statutory good time credit may be reduced by forfeitures arising from " '[m]isconduct' " or " 'refusal to obey the rules' " of correctional facility).

statutory good time credit at the time his 1992 sentence commenced.

Upon commencement of his 1992 sentence, the petitioner began to earn ten days of statutory good time credit each month. From September, 1992, to May, 1993, the petitioner earned ninety days of statutory good time credit. Had the eighty-one days of credit from his 1991 sentence been posted to his time sheet, the petitioner would have had 171 days of earned statutory good time credit. In May, 1993, as previously discussed, the petitioner received two disciplinary tickets, each resulting in ninety day forfeitures, for a total of 180 days of forfeiture. Therefore, as of the end of May, 1993, the petitioner's total earned statutory good time credit had been forfeited. The fact that the credit was not posted to the petitioner's time sheet until 2000, as a result of the decision in *Rivera* v. *Commissioner of Correction*, supra, 254 Conn. 214, does not change the fact that he had a total of 171 days of earned statutory good time credit as of the end of May, 1993, which had been forfeited as a result of two disciplinary tickets he received that month.

We do not agree with the petitioner's contention that *Nichols* v. *Warren*, supra, 209 Conn. 191, precludes the deduction of forfeitures from the statutory good time credit that the petitioner had earned until May, 1993. The Supreme Court held in *Nichols* that forfeitures cannot be deducted from statutory good time credit that an inmate has not yet earned. Id., 204. In this case, the forfeiture was deducted from statutory good time credit that the petitioner already had earned. *Nichols* would apply in this case if we were to hold that the 166 days of statutory good time credit that the petitioner received in 2000, as a result of *Rivera*, were earned in 2000. The petitioner earned ten days of statutory good time credit for each month of good behavior in the years 1991,1992 and 1993. He had already earned those credits, there-

fore, by 2000, and the *Rivera* holding did not change that fact. Furthermore, the petitioner conceded as much before the court when his counsel stated: "Arguably, our case is weakened with respect to any arguments with respect to what he might be entitled to if he hasn't yet earned it. But if he has earned it, and it has been properly applied to his sentence, you [cannot] now come back and revisit it and take it away for something that happened over seven years ago." The petitioner correctly points out that he earned the credits from 1991 through 1993, but he incorrectly asserts that the credit was applied to his sentence properly. It was in 2000, after *Rivera*, that the credit was applied to his sentence properly. We conclude that the statutory good time credit the petitioner received as a result of the *Rivera* decision must be interpreted as credit earned in the year that it should have been given.

The judgment is affirmed.

In this opinion the other judges concurred.