EARL BATES *v.* COMMISSIONER OF CORRECTION
(SC 17414)

Borden, Norcott, Katz, Palmer and Sullivan, Js.

Argued February 7—officially released March 20, 2007

---

*David B. Rozwaski*, for the appellant (petitioner).

*Richard T. Biggar*, assistant attorney general, with whom, on the brief, was *Richard Blumenthal*, attorney general, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Earl Bates, appeals from the judgment of the Appellate Court affirming the judgment of the habeas court, which had denied his petition for a writ of habeas corpus. *Bates* v. *Commissioner of Correction*, 86 Conn. App. 777, 784, 863 A.2d 246 (2005). The Appellate Court concluded that the habeas court properly determined that the department of correction (department) properly had deducted eighty-five days from the petitioner's statutory good time credit that had been credited to the petitioner several years after it had been earned pursuant to our decision in *Rivera* v. *Commissioner of Correction*, 254 Conn. 214, 756 A.2d 1264 (2000). We granted the petitioner's petition for certification to appeal limited to the following issue: "Did the Appellate Court properly affirm the habeas court's denial of the petitioner's petition for a writ of habeas corpus?" *Bates* v. *Commissioner of Correction*, 273 Conn. 928, 873 A.2d 996 (2005). We affirm the judgment of the Appellate Court.

The opinion of the Appellate Court sets forth the following facts and procedural history. "The petitioner was the defendant in a criminal case . . . in which he was convicted of violations of [General Statutes] § 21a-

277 (a) and (b). He was sentenced to a total effective [term] of three years [incarceration] on March 13, 1991. On the same date and in the same court, he was sentenced . . . to another three (3) year sentence for a violation of General Statutes § 21a-279 (a) to run concurrent to the first [sentence]. The petitioner was also the defendant in a third criminal case . . . in which he was found to have violated General Statutes §§ 53a-59 (a) (1), 29-35 and 29-37 (b). On July 31, 1992, he was sentenced to a total effective sentence of nine (9) years. Finally, the petitioner was the defendant in a fourth criminal case . . . in which he was convicted of various offenses and sentenced to a total effective sentence of two (2) years, nine (9) months, to run consecutive to the existing sentence.

"During his incarceration, the petitioner was found guilty of numerous disciplinary violations for which he lost statutory good time credit [that he had received pursuant to General Statutes (Rev. to 1991) § 18-7a (c)].[1] . . . During his incarceration on his first sentence between March 13, 1991, and July 31, 1992, the petitioner earned a total of 166 days of statutory good time credit. He earned an additional 232 days of statutory good time credit between July 31, 1992, and July 31, 1994. On August 1, 1994, the petitioner was placed in restricted housing and thereafter so long as he remained

[1] General Statutes (Rev. to 1991) § 18-7a (c) provides: "Any person sentenced to a term of imprisonment for an offense committed on or after July 1, 1983, may, while held in default of bond or while serving such sentence, by good conduct and obedience to the rules which have been established for the service of his sentence, earn a reduction of his sentence as such sentence is served in the amount of ten days for each month served and pro rata for a part of a month served of a sentence up to five years, and twelve days for each month served and pro rata for a part of a month served for the sixth and each subsequent year of a sentence which is more than five years. Misconduct or refusal to obey the rules which have been established for the service of his sentence shall subject the prisoner to the loss of all or any portion of such reduction by the commissioner or his designee."

in this status . . . lost the right to earn any statutory good time credit. The petitioner was held in the pretrial custody of the respondent [commissioner of correction] in lieu of bond for a total of twenty-four days under his original sentence . . . . There was no pretrial custody credit for any of his other convictions, as he was already a convicted prisoner." (Internal quotation marks omitted.) *Bates* v. *Commissioner of Correction*, supra, 86 Conn. App. 778–79.

"Between July 31, 1992, and August 1, 1994, the date the petitioner entered restrictive housing, the petitioner earned 232 days of statutory good time credit. During that same period, the petitioner accrued 160 days of forfeiture.[2] The petitioner received two disciplinary tickets in May, 1993, both resulting in ninety day forfeitures. The first ticket, dated May 14, 1993, resulted in a forfeiture of all of the petitioner's earned statutory good time credit to that date. The petitioner also received a second disciplinary ticket dated May 26, 1993, resulting in another ninety day forfeiture. As a result of the May 14, 1993 disciplinary ticket, however, the petitioner did not have any earned statutory good time against which forfeiture resulting from the May 26, 1993 ticket could be deducted. The petitioner did, however, continue to earn statutory good time credit after the May 26, 1993 disciplinary ticket until August, 1994, when he entered restrictive housing. As of August 1, 1994, the petitioner had a balance of seventy-two days of statutory good time credit. In accord with the decision in *Nichols* v. *Warren,* [209 Conn. 191, 550 A.2d 309 (1988)], the forfeiture resulting from the May 26,

[2] "General Statutes § 18-7a (c); see *Nichols* v. *Warren,* [209 Conn. 191, 193 n.1, 550 A.2d 309 (1988)] (noting that statutory good time credit may be reduced by forfeitures arising from [misconduct or refusal to obey the rules of a correctional facility)." (Internal quotation marks omitted.) *Bates* v. *Commissioner of Correction,* supra, 86 Conn. App. 782 n.2.

1993 ticket was not deducted from his later earned statutory good time credit.

"In December, 2000, the petitioner received 166 days of statutory good time credit that he earned on his 1991 sentence, which should have been carried over to his 1992 sentence [pursuant to *Rivera* v. *Commissioner of Correction*, supra, 254 Conn. 217 (prisoner who is serving multiple concurrent and consecutive sentences is entitled to have his total number of earned good time credits applied to reduce his total effective term of imprisonment)]. The petitioner also accrued eighty-five days of forfeiture due to disciplinary sanctions during his 1991 sentence. The total number of days that could have been carried over from the petitioner's 1991 sentence, as of July 31, 1992, therefore, was eighty-one days of statutory good time credit. . . .

"Upon commencement of his 1992 sentence, the petitioner began to earn ten days of statutory good time credit each month. From September, 1992, to May, 1993, the petitioner earned ninety days of statutory good time credit. Had the eighty-one days of credit from his 1991 sentence been posted to his time sheet, the petitioner would have had 171 days of earned statutory good time credit. In May, 1993, as previously discussed, the petitioner received two disciplinary tickets, each resulting in ninety day forfeitures, for a total of 180 days of forfeiture. Therefore, [the department calculated that] as of the end of May, 1993, the petitioner's total earned statutory good time credit had been forfeited." *Bates* v. *Commissioner of Correction*, supra, 86 Conn. App. 781–83.

The petitioner filed a habeas corpus petition claiming that the department's deduction of the good time that

he would have forfeited while serving his 1991 and 1992 sentences had good time credit been available from the 166 days of statutory good time that was credited to him in 2000 was improper under *Nichols* v. *Warren,* supra, 209 Conn. 204 (concluding that prospective forfeiture of good time credit is not permitted under General Statutes [Rev. to 1985] § 18-7a [c]). See *Bates* v. *Commissioner of Correction,* supra, 86 Conn. App. 780. The habeas court denied the petition. Id., 778. The petitioner then filed a petition for certification to appeal to the Appellate Court, which the habeas court denied. Id., 780–81. The petitioner thereafter appealed to the Appellate Court claiming that the trial court improperly had denied: (1) his petition for certification to appeal; and (2) his petition for writ of habeas corpus. Id., 788. The Appellate Court concluded that the habeas court improperly had denied the petitioner's petition for certification to appeal;[3] id., 780; but rejected the petitioner's claim that the habeas court improperly had denied his petition for habeas corpus. Id., 781–84. This certified appeal followed.

After examining the record on appeal and fully considering the briefs and arguments of the parties, we conclude that the judgment of the Appellate Court should be affirmed. Part III of the thoughtful and comprehensive opinion of the Appellate Court properly resolved the issue in this certified appeal. See id. Further discussion by this court would serve no useful purpose. See, e.g., *State* v. *Butler,* 255 Conn. 828, 830, 769 A.2d 697 (2001).

The judgment of the Appellate Court is affirmed.

---

[3] The department has not challenged this conclusion in part II of the Appellate Court opinion and it is not at issue in this certified appeal.